UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| MICHAEL A. BLOW    , | ) | |
|     Petitioner, | ) | |
|         v. | ) | Docket No. 09-cr-026 |
| | ) | Second Circuit Docket No.  16-1530 |
| UNITED STATES. | ) | |
| . | ) | |

### MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 & HOLD CASE IN ABEYANCE PENDING AUTHORIZATION FROM THE SECOND CIRCUIT

Petitioner, Michael A. Blow, through undersigned counsel, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255, and to hold this case in abeyance pending the Second Circuit's authorization of this successive petition.

On December 18, 2009, this Court sentenced Mr. Blow to a term of 130 months imprisonment after finding that he was a career offender under § 4B1.2 of the Sentencing Guidelines.  The Presentence Report ("PSR") concluded that Mr. Blow qualified for the chapter 4 enhancement based on his aggravated domestic assault conviction and his prior federal controlled substances offense.  PSR ¶32.  No other prior convictions were advanced in support of the career offender designation.

In light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Blow no longer qualifies -as a career offender because his conviction for aggravated domestic assault (PSR ¶47) no longer categorically qualifies a "crime of violence" under any portion of the career offender definition.  In *Johnson*, the Supreme Court struck down the ACCA residual clause (18 U.S.C.

[1]

§ 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). More recently, the Supreme Court held that *Johnson* is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Welch v. United States*, 136 S.Ct. 1257 (2016). The Second Circuit has applied *Johnson* to guideline cases. *United States v. Welch*, --- Fed. App'x ---, 2016 WL 536656 at *4 (2d Cir.) ("attempted second-degree burglary is also no longer a predicate offense under the residual clause of § 4B1.2(a)(2) in light of *Johnson v. United States*, which held that that the "residual clause" of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague"); *United States v. Maldonado*, --- F. App'x ---, 2016 WL 229833 at *3 (2d Cir.) (citing *United States v. Gray*, 535 F.3d 128, 130 (2d Cir. 2008)).

Thus, the only remaining question here is whether Mr. Blow's aggravated domestic assault conviction qualifies as a crime of violence under the remaining "enumerated offenses" clause or "force" clause of § 4B1.2. It does not. Mr. Blow's conviction was sustained under a subsection of 13 V.S.A. § 1043 that criminalizes committing a domestic assault having previously been convicted of aggravated domestic assault. Nothing in section 1043(a)(3) has as an element the intentional use of violent force as is required to qualify under the force clause. *United States v. Johnson*, 559 U.S. 133, 140 (2010) (explaining that "'violent force—that is, force capable of causing physical pain or injury to another person" is required under the force clause). Nor, by incorporation, does Vermont's domestic assault statute, 13 V.S.A. § 1042, have as an element the use of force. Although this motion does not

fully brief the issues raised by Mr. Blow in his challenge, those issues are more fully set forth in his petition and reply in support of his petition, that were filed with the United States Court of Appeals for the Second Circuit as part of his effort to authorize a second or successive petition. These pleadings are attached as Exhibits A & B to this motion.

Because his prior conviction do not qualify under the force or enumerated offense clauses of § 4B1.2, Mr. Blow no longer has the required two prior crimes of violence (or controlled substance offenses) that are necessary to qualify as a career offender. As a result, allowing this sentence to remain intact further violates due process of law.

Mr. Blow is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Johnson* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Welch*, 136 S.Ct. 1257.

Mr. Blow's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson*. Thus, Mr. Blow respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

Because he previously filed a § 2255 motion, Mr. Blow has filed a petition with the Second Circuit to authorize the filing of this second § 2255 motion. The Second Circuit has not yet ruled on this petition. Therefore, Mr. Blow asks this Court to hold this case in abeyance until the Second Circuit authorizes this petition.

Burlington, Vermont, June 24, 2016

                */s/ Barclay T. Johnson*
                BARCLAY T. JOHNSON

                Office of the Federal Public Defender
                District of Vermont
                126 College Street, Suite 410
                Burlington, Vermont  05401
                (802) 862-6990

[4]

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| MICHAEL A. BLOW, | ) | |
|     Petitioner, | ) | |
|         v. | ) | Docket No. 09-cr-026 |
| | ) | Second Circuit Docket No. 16-1530 |
| UNITED STATES. | ) | |
| . | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2016, I electronically filed this MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 & HOLD CASE IN ABEYANCE PENDING AUTHORIZATION FROM THE SECOND CIRCUIT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

        By: */s/ Barclay T. Johnson*
           BARCLAY T. JOHNSON
           Office of the Federal Public Defender
           District of Vermont
           126 College Street, Suite 410
           Burlington, Vermont  05401
           (802) 862-6990

[5]